UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. HEIDINGSFELDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERIPRISE AUTO & HOME INSURANCE, et al., <br><br> Defendants. | Case No. 19-cv-08255-JD <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 13 |

Plaintiffs Robert and Ann Heidingsfelder lost their home and personal possessions in the 2017 Tubbs Fire, one of the most destructive wildfires in California history. They had homeowners insurance through defendants Ameriprise Auto & Home Insurance (Ameriprise), IDS Property Casualty Insurance Company (IDS), and Costco Insurance Agency, Inc. and Costco Wholesale Corporation (Costco), which did not cover all of their claimed losses. The gravamen of the complaint is that defendants misrepresented their coverage levels, and did not adequately assess their coverage needs. The Heidingsfelders allege a variety of California state claims for professional negligence, fraud, breach of contract, and the like.

The case was originally filed in the California Superior Court. Defendants removed on the basis of diversity jurisdiction. Dkt. No. 1. The Heidingsfelders did not seek a remand. Defendants ask to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). The motion is suitable for decision on the papers, Civil L.R. 7-1(b), and the complaint is dismissed with leave to amend.

**BACKGROUND**

As alleged in the complaint, the Heidingsfelders owned a home in Santa Rosa, California. Dkt. No. 1-2, Exh. A ¶ 10. Costco, the well-known national retailer, made Ameriprise insurance

available to its members, such as the Heidingsfelders. *Id.* ¶¶ 23-34. The Heidingsfelders purchased this insurance for their home. *Id.* ¶¶ 25-26. They made the purchase over the phone by calling a number provided by Costco. *Id.* ¶ 35.

In the course of buying the policy, the Heidingsfelders were told they could obtain sufficient coverage to protect their property. *Id.* The Heidingsfelders received a follow-up letter from Costco and Ameriprise that included a state-mandated notice advising of potential risks from insuring a home "for less than its replacement cost." *Id.* ¶ 39. The notice contained this warning:

> <u>DEMAND SURGE</u>: After a widespread disaster, the cost of construction can increase dramatically as a result of the unusually high demand for contractors, building supplies and construction labor. This effect is known as demand surge. Demand surge can increase the cost of rebuilding your home. Consider increasing your coverage limits or purchasing Extended Replacement Cost coverage to prepare for this possibility.

*Id.*

The Heidingsfelders received other notices saying that defendants "may" send an independent inspector to determine if their home was undervalued, and advising that their home was insured for reconstruction cost. *Id.* ¶¶ 41, 43. "Reconstruction cost" was defined as "the amount of money it would take to construct, at current prices, a replica of your insured dwelling," and was to be "recalculated annually." *Id.*

In 2017, the Heidingsfelders asked defendants to evaluate of the adequacy of their insurance coverage. *Id.* ¶ 46. Defendants are to have stated that, based on an internal analysis, the Heidingsfelders' coverage was sufficient, and provided reconstruction estimates. *Id.* ¶¶ 47-49. In October 2017, the Heidingsfelders' home and personal possessions were destroyed in the Tubbs Fire. *Id.* ¶ 64. Their homeowners policy did not pay for all of the replacement costs for their home and possessions. *Id.* ¶¶ 64, 66.

The Heidingsfelders allege nine claims in the complaint: (1) professional negligence, (2) breach of fiduciary duty, (3) breach of contract, (4) reformation, (5) breach of the implied covenant of good faith and fair dealing, (6) negligent misrepresentation, (7) fraud by intentional misrepresentation, (8) fraud by false promise, and (9) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (UCL). Dkt. No. 1-2, Exh. A.

2

**DISCUSSION**

**I.      LEGAL STANDARDS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The Court treats the plaintiffs' factual allegations as true and draws all reasonable inferences in plaintiffs' favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But it will not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). If the complaint is dismissed, an opportunity to amend will be provided unless the Court determines that no cure is possible by new allegations of fact. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This heightened pleading standard applies to claims that sound in fraud, even if not formally denominated as such. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). "The touchstone of Rule 9(b) is notice." *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)). Generally, allegations of fraud "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Vess*, 317 F.3d at 1106). Conclusory

3

allegations will not suffice, but Rule 9(b) "does not require absolute particularity or a recital of the evidence." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016) (internal quotation omitted). A "complaint need not allege 'a precise time frame,' 'describe in detail a single specific transaction' or identify the 'precise method' used to carry out the fraud." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

"Because this diversity case arises in California, California law applies." *Allstate Ins. Co. v. Smith*, 929 F.2d 447, 449 (9th Cir. 1991).

## II. THE COMPLAINT

As it currently stands, the complaint may not go forward. There are a variety of issues that need to be addressed. To start, the complaint lumps all of the defendants together, without differentiating between them in a meaningful way. This appears to have been a deliberate pleading choice on the theory that defendants were members of a joint venture or partnership, or were each other's agents. *See* Dkt. No. 14 at 2. But "a fraud suit against differently situated defendants must 'identify the role of each defendant in the alleged fraudulent scheme.'" *United States ex rel. Anita Silingo v. WellPoint*, Inc., 904 F.3d 667, 677 (9th Cir. 2018) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)). The complaint did not follow this rule to state which defendant did what, and when, for the counts sounding in fraud, which include the UCL claim, *see Kearns*, 567 F.3d at 1125.

The contract claims also are not well pleaded. The complaint does not state the express terms of the contract or policy that were allegedly breached, the relevant policy limits, or even the parties to the contract. These omissions are particularly problematic vis-à-vis Costco. No facts are alleged to indicate Costco had a contractual relationship with the Heidingsfelders, and it is not at all clear why Costco might be subject to breach of contract or policy claims. In the absence of this basic information, a plausible breach of contract claim cannot be found. *See, e.g.*, *Hamilton v. Greenwich Inv'rs XXVI, LLC*, 195 Cal. App. 4th 1602, 1614 (Cal. Ct. App. 2011). So too for the breach of the implied duty of good faith claim. *See, e.g.*, *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (Cal. Ct. App. 1992).

4

The fiduciary and other duty claims are equally unsupported. As a general rule in California, it "is up to the insured to determine whether he or she has sufficient coverage for his or her needs." *Everett v. State Farm General Ins. Co.*, 162 Cal. App. 4th 649, 660 (Cal. Ct. App. 2008); *see also Wallman v. Suddock*, 200 Cal. App. 4th 1288, 1309 (Cal. Ct. App. 2011) (it is the insured's obligation to "inform the agent of the insurance he requires." (internal citation omitted)). The state notice discussed in the complaint reflected this principle, *see* Dkt. No. 1-2, Exh. A ¶ 39, and the Heidingsfelders acknowledge that defendants said only that they "may" inspect the Heidingsfelders' home, *id.* ¶¶ 41, 43, but did not promise to.

The Court cannot rule out the possibility that additional facts might be enough to adequately plead a duty of some sort, but the current allegations in the complaint do not. If the Heidingsfelders amend on these claims, consideration should be given to California case law indicating that insurers typically are not fiduciaries, and do not owe fiduciary duties to insureds. *See Vu v. Prudential Prop. & Cas. Ins. Co.*, 33 P.3d 487, 492 (Cal. 2001); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998).

It is also worth noting that an insurance agent has a duty to "use reasonable care, diligence, and judgment in procuring the insurance requested by an insured," but not a duty to "advise the insured on specific insurance matters." *Wallman*, 200 Cal. App. 4th at 1309 (quoting *Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (Cal. Ct. App. 1987)). An insurance agent assumes a greater duty only by: (1) express agreement, (2) holding himself out as having special expertise in the relevant field of insurance, (3) misrepresenting the extent or scope of the coverage, or (4) responding to a request from the insured for a specific type of coverage. *Id.* (quoting *Paper Savers, Inc. v. Nacsa*, 51 Cal. App. 4th 1090, 1096-97 (Cal. Ct. App. 1996)); *see also Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (Cal. Ct. App. 1997). The complaint does not state facts sufficient to satisfy these elements.

### III. OTHER ISSUES

A motion to dismiss under Rule 12(b)(6) is directed to the adequacy of the complaint as it is pleaded. It is rarely appropriate to venture beyond what is alleged in or attached to the complaint itself. *See, e.g.*, *Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-CV-04880-JD,

5

2018 WL 3109599, at *1 (N.D. Cal. June 25, 2018), *aff'd*, 959 F.3d 334 (9th Cir. 2020). The parties proffered declarations and exhibits well beyond anything in the complaint. The Court declines to take them into account at this pleadings stage, and the parties are advised not to take the same approach for any future pleadings motions.

## CONCLUSION

The complaint is dismissed with leave to amend. An amended complaint consistent with this order may be filed by October 15, 2020. Failure to follow the terms of this order may result in dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 24, 2020

JAMES DONATO
United States District Judge