UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. HEIDINGSFELDER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIPRISE AUTO & HOME INSURANCE, et al.,<br><br>Defendants. | Case No. 19-cv-08255-JD<br><br>**ORDER RE MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

The parties' familiarity with the record is assumed. The Court dismissed the original complaint with leave to amend under Rule 12(b)(6) because, among other issues, it failed to differentiate between the four defendants, did not state facts establishing a fiduciary relationship, and did not plausibly demonstrate that defendants had breached an contractual obligation. Dkt. No. 33. Plaintiffs filed a first amended complaint (FAC), Dkt. No. 39, which defendants again ask to dismiss. Dkt. No. 42.

Dismissal of the FAC is warranted. The 172-page FAC (not including exhibits) is nearly four times as long as the original complaint. The added bulk did not fix the prior substantive problems. Much of the extended length is due to redundancy, with entire sentences and paragraphs copied and pasted verbatim throughout. *See, e.g.*, Dkt. No. 39 ¶ 33 ("In fact, in 2019, Costco became the new king of internet retail in the category of customer satisfaction."); *id.* ¶ 123 (same); *id.* ¶ 193 (same); *id.* ¶ 416 (same); *id.* ¶ 494 (same); *id.* ¶ 583 (same); *id.* ¶ 654 (same). Other sources of bloat are the recitations of legal standards and lengthy citations to caselaw, none of which was necessary for the "short and plain statement of the claim" that Rule 8 contemplates. *See, e.g.*, *id.* ¶¶ 12-16, 51, 146, 180-83, 216.

What's missing in the FAC are improved allegations of fact that address the shortfalls the Court previously identified as insufficient to state a claim. Defendants said just that in their motion papers. *See* Dkt. No. 42 at 8 ("Plaintiffs do not make new substantive allegations in the FAC."). Tellingly, plaintiffs did not show otherwise in the opposition brief. *See generally* Dkt. No. 43. The Court's independent review confirms the absence of new facts in the FAC that are sufficient to state plausible claims, which is enough to dismiss the FAC for failing to comply with Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

The remaining question is whether the dismissal should be with prejudice. Plaintiffs have now had two opportunities to state a plausible claim, and the benefit of the Court's conclusions about what was missing in their complaints. In this circumstance, dismissal with prejudice would be well within the Court's discretion. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Even so, the Court will allow plaintiffs a final opportunity to state a claim by alleging concrete facts. A second amended complaint that is consistent with this and the prior dismissal order may be filed by July 13, 2021. The amended complaint must be a short and plain statement of the claims. It should not take anything close to 172 pages to plausibly allege that defendants breached an insurance contract and misled them about coverage limits. No new parties or claims may be added without the Court's prior approval. A failure to meet the filing deadline or the other provisions in this order will result in a dismissal of the case with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 29, 2021

JAMES DONATO
United States District Judge